972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Ray MELSON, Plaintiff-Appellant,
v.
Michael SAMBERG; William C. Seabold; Glenn Haeberlin;
Harold W. Radford, Defendants-Appellees.
 No. 91-6418.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1992.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Daniel Ray Melson, pro se, appeals the district court's order granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. § 1983. The defendants include the Deputy Commissioner for the Kentucky Corrections Cabinet, the warden at the Kentucky State Penitentiary (KSP) and two other correctional officers at KSP. Melson also requests the appointment of counsel, on appeal.
 
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Melson alleged that the defendants violated his due process rights under the Fourteenth Amendment by reclassifying him and transferring him to administrative segregation without providing him with notice, a classification hearing, or the opportunity to respond or present a defense, and by failing to follow prison policies and procedures creating a protected liberty interest to which he is entitled. The matter was referred to a magistrate judge, who determined that the plaintiff had received all process that was due, and that any transfer was administrative in nature. The magistrate judge thus recommended that the defendants' motion for summary judgment be granted. Upon review of Melson's objections to this report, the district court rejected the magistrate judge's recommendation, referring the case back to the magistrate judge for additional consideration in light of the holding in Bills v. Henderson, 631 F.2d 1287 (6th Cir.1980).
 
 
 5
 Thereafter, supplemental responses were filed by both the plaintiff and the defendant. The magistrate judge then issued a second report, in which he determined that Melson's detention was a placement in administrative segregation and that the plaintiff had failed to demonstrate the deprivation of any federally protected right. This report was served on September 26, 1991, and included a notice to all parties that objections to the report must be filed within thirteen days from the date of service and that a failure of any party to file timely objections would constitute a waiver of the right to appeal by that party. Thomas v. Arn, 474 U.S. 140 (1985). No objections were timely filed, and the district court thus adopted the report and recommendation in its entirety, granting the defendants' motion to dismiss by order entered October 18, 1991. The record shows that the plaintiff filed late objections to the magistrate judge's report, on October 21, 1991. Melson then filed a late notice of appeal from the district court order, on November 22, 1991. However, upon this court's order to show cause for late jurisdiction, the plaintiff responded and the show cause order was discharged on February 21, 1992, allowing his appeal to proceed.
 
 
 6
 The Supreme Court has held that any party who does not file timely objections to a magistrate judge's report and recommendation after being advised to do so waives his right to appeal pursuant to United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). See Thomas v. Arn, 474 U.S. at 155; Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). As noted by the district court in its October 18, 1991 order, no timely objections had been filed. Moreover, this is not a case where the plaintiff's objections were mailed within the time limit but filed after the deadline. On appeal, the plaintiff does not explain why his objections were not timely filed, but reiterates his argument on the merits that were made throughout the course of this proceeding. Lastly, this is not a case which presents exceptional circumstances warranting an exception to the Thomas v. Arn rule in the "interests of justice." Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 7
 Accordingly, Melson's request for appointment for counsel is hereby denied, and the district court's grant of summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation